UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEADFAST PROPERTY & DEVELOPMENT, INC., et al., <br><br> Defendants. | 1:09-cv-00231-OWW-SMS <br><br> ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOCS. 3, 7) <br><br> ORDER SCREENING THE COMPLAINT AND DETERMINING THAT PLAINTIFFS HAVE STATED A CLAIM AGAINST DEFENDANTS <br><br> DIRECTIONS TO THE CLERK TO SEND SERVICE DOCUMENTS TO PLAINTIFF CARLOTTA OGUNDIMO AND, UPON RETURN OF THE DOCUMENTS TO THE CLERK, TO FORWARD THEM AND A COPY OF THIS ORDER TO THE MARSHAL FOR SERVICE <br><br> DIRECTIONS TO PLAINTIFF CARLOTTA OGUNDIMO TO COMPLETE AND RETURN SERVICE DOCUMENTS TO THE CLERK WITHIN THIRTY DAYS <br><br> DIRECTIONS TO THE MARSHAL TO EFFECT SERVICE UPON RECEIPT OF SERVICE DOCUMENTS |

Plaintiff Carlotta Ogundimo and her minor children are proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been

1

referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff filed a motion to proceed in forma pauperis on February 5, 2009; on February 24, 2009, after the Court directed Plaintiff to file a completed application, Plaintiff filed another motion to proceed in forma pauperis.

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

II. <u>Screening the Complaint</u>

A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff does not meet his or her obligation to provide the grounds of entitlement to relief by supplying only conclusions, labels, or a formulaic recitation of the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient, when viewed in light of common experience, to raise a right to relief above the speculative level and to provide plausible grounds to suggest and infer the element, or to raise a reasonable expectation that discovery will

3

reveal evidence of the required element. <u>Bell</u>, 127 S.Ct. at 1965. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint, and it may not be dismissed based on a court's assessment that the plaintiff will fail to find evidence to support the allegations or prove the claim to the satisfaction of the finder of fact. <u>Bell</u>, 127 S.Ct. at 1969.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. <u>Lopez v. Smith</u>, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. <u>Id.</u> A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Id.</u>

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); see <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-

free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

On February 5, 2009, Plaintiff filed a handwritten complaint of two pages to which are attached a certificate of service by mail as well as a copy of a housing discrimination complaint (administrative complaint) that is dated March 2008 and bears a DFEH number, with related documents. The Court understands the pro se Plaintiff to have intended the attached documents to be part of the complaint for all purposes. Fed. R. Civ. P. 10(c).

In the complaint and attachments, Plaintiff Carlotta Ogundimo alleges that she and her three minor children, who reside at a stated address in Fresno, California, suffered housing discrimination in violation of the Fair Housing Act of 1988. On February 6, 2007, an overflowing toilet flooded the entire premises in which the Ogundimo family resided; Defendants[1] Defendant Steadfast Property & Development, Inc. (the owners), Pacific West Management (management agent), and Gracie Preciado

---

[1] Plaintiff lists only Steadfast Property & Development in the caption of the case, but she refers to "defendant(s)" in the body of the complaint (Cmplt. p. 1); further, in the attached administrative complaint, Plaintiff refers to Steadfast Properties and Development, Inc., as the owners; Pacific West Management (at two addresses) as the management agent; and to Gracie Preciado as the resident manager. (Cmplt. pp. 4-5.)

5

(resident manager) allegedly negligently and untimely responded and chose to ignore the directions of "professional clean-up," which resulted in a serious and advanced state of mold which led to unhealthy living conditions and exacerbated the health of those who are ill or have health concerns, including Plaintiff Carlotta Ogundimo, who suffers asthma and impairment of mobility with the use of a wheelchair, and Zakariyya Ogundimo, Carlotta's son, who suffers from asthma.

It appears from the housing discrimination complaint that Plaintiff and her family, who had lived in the apartment since 2002 and spent some time in it after the water damage, were displaced from February 6, 2007, to mid-April 2007 while the Defendants remediated the mold in her unit; maintenance sprayed mold that extended a foot up the wall and on the ceiling of the front bathroom with primer in October/November 2007 and instructed Plaintiff to clean the mold with household bleach; however, Plaintiff advised Defendants that her mobility impairment prohibited her from cleaning up the mold; she was then advised to have her children do it, and Defendant Preciado in March 2008 asked Plaintiff why she did not just move. Later a lease addendum provided that Plaintiff was not to clean the ceiling because of asbestos, but should contact them about mold or mildew that she could not wash off with soap and bleach. (Cmplt., Doc. 1, pp. 4-6.)

Title 42 U.S.C. § 3604(f)(2) provides that it shall be unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a building, "or in the provision of services or facilities in connection with such

6

dwelling, because of a handicap of (A) that person; or (B) a person residing or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person." Section 3604(f)(3)(B) expressly provides that discrimination for the purposes of subsection (f) includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. Section 3613(a)(1)(A) provides that an aggrieved person may commence a civil action in an appropriate United States district court or state court not later than two yours after the occurrence or termination of an allegedly discriminatory housing practice to obtain appropriate relief with respect to the practice. A civil action may be commenced without regard to the filing or status of any administrative complaint. 42 U.S.C. § 3613(a)(2). A plaintiff who establishes that a discriminatory housing practice has occurred may recover actual and punitive damages. § 3613(c).

The threshold for pleading discrimination under the statute is low pursuant to a relaxed notice pleading standard and an awareness that such a standard contains a powerful presumption against rejecting pleadings for failure to state a claim. McGary v. City of Portland, 386 F.3d 1259, 1262 (9th Cir. 2004).

The right to bring an action under § 3613(a) is extended to an aggrieved person, defined as any person who claims to have been injured by a discriminatory housing practice or who anticipates injury from a discriminatory housing practice about to occur. 42 U.S.C. § 3602(i). The standing requirement is

minimal; it is the "Article III minima of injury in fact" provided in the Constitution, which requires a plaintiff to allege only that as a result of the defendant's discriminatory conduct, the plaintiff has suffered a distinct and palpable injury. Harris v. Itzhaki, 183 F.3d 1043, 1049-50 (9th Cir. 1999).

Further, any person harmed by the discrimination, whether or not the target of the discrimination, can sue to recover for his or her own injury. Harris v. Itzhaki, 183 F.3d 1043, 1050 (citing Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209-10 (1972) [recognizing a liberal standing requirement and concluding that tenants who, by reason of landlord's discrimination against minorities were deprived of the benefit of interracial associations, suffered injury]). Plaintiff alleges unhealthy living conditions and exacerbation of the illness of ill people with health concerns; she listed her fourteen-year-old daughter, Fatima, and thirteen-year-old daughter Rukayat, as other aggrieved persons. (Cmplt. pp. 1, 4.) It is fairly inferred that Plaintiff's two daughters, as well as her son, who already suffered asthma, were injured by unhealthy living conditions that exacerbated illness.

Accordingly, it appears that Plaintiff properly proceeds on behalf of herself, and her children proceed as well as aggrieved persons injured by the Defendant's actions.

A claim for a failure reasonably to accommodate is made out if the plaintiff demonstrates that 1) the plaintiff suffers from a handicap; 2) defendants knew or reasonably should have known of the plaintiff's handicap; 3) accommodation of the handicap may be

8

necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling, and 4) the defendants refused to make such accommodation. Giebeler v. M & B Associates, 343 F.3d 1143, 1147 (9th Cir. 2003).

Here, Plaintiff specifically alleged that she suffered asthma and limitations of mobility with the need to use a wheelchair; further, her son also suffered asthma, and their asthma and her mobility limitations were exacerbated by the continuing mold and Defendants' actions concerning the mold. (Cmplt. p. 5.) Plaintiff not only alleged that Defendants knew of the health concerns and had ignored or responded in an untimely manner to her request for accommodation (id. p. 1), but it also may be reasonably inferred from the family's displacement in February 2007, maintenance staff's conduct in October/November 2007, and Defendant Preciado's question to Plaintiff regarding her moving that Defendants had the requisite knowledge of the problem and refused or responded so inappropriately to the request that the request for accommodation was in effect rejected.

With respect to interference with disabled persons' right to use and enjoy their dwellings, complete exclusion from the dwelling is not required; even neutral policies affecting other aspects of property rights can constitute interference, and exceptions to them may be required. For example, placing a lien on the house of a disabled person for nuisance abatement costs prevented the full use of the property because it interfered with the use of the property as collateral to the borrowing of money. McGary v. City of Portland, 386 F.3d 1259, 1263-64 (9th Cir.

9

2004). Further, the inquiry regarding reasonable accommodation is fact-specific, requires case-by-case determination, and is generally not appropriate for dismissal solely on the pleadings. McGary, 386 F.3d at 1264 (citing United States v. California Mobile Home park Management Co., 29 F.3d 1413, 1418 (9th Cir. 1994)).

Here, Plaintiff has alleged that the Defendants' conduct has resulted in exacerbation of her and her son's asthma as well as her impairment in mobility; further, the living conditions have been unhealthy and have affected the other children. (Cmplt. pp. 1, 5.) The Court concludes that for the purposes of stating a claim, Plaintiff has alleged an interference with Plaintiffs' and disabled persons' rights to use and enjoy their dwelling.

Further, with respect to the named Defendants, Plaintiff indicates that Defendant Steadfast Properties and Development, Inc., is the owner; Defendant Pacific West Management (located at two different addresses) is the "Management Agent"; and Defendant Gracie Preciado is the resident manager. (Cmplt. pp. 4-5.) From these allegations and from inferences fairly drawn from the remaining allegations, it is inferred that Preciado is an agent in residence.

The Court concludes that Plaintiffs have stated a claim against Defendants Steadfast Properties and Development, Inc., Pacific West Management, and Gracie Preciado for a violation of 42 U.S.C. § 3604(f)(2).

III. <u>Determination that Service is Appropriate and Directions to the Plaintiffs, Clerk, and Marshal</u>

Because Plaintiffs have stated a claim against Defendants

10

Steadfast Properties and Development, Inc., Pacific West Management, and Gracie Preciado, service upon such Defendants is appropriate.

### A. Directions to the Marshal

Accordingly, when appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint and related documents on the aforementioned Defendants.

### B. Directions to the Clerk and to Plaintiff

Because service is appropriate on the named Defendants, the Court DIRECTS the following:

1) The Clerk of the Court shall send Plaintiff four USM-285 forms, four summonses, an instruction sheet, a notice of submission of documents, and four copies of the complaint filed in this Court.

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Four copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

3) Upon receipt of the documents identified above, the Clerk of the Court shall forward them to the United States

Marshal to serve the above-named Defendants pursuant to Fed. R. Civ. P. 4 without payment of costs.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order.  Local Rule 11-110.**

IT IS SO ORDERED.

**Dated:   March 11, 2009**                                                       /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE