UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, et al., | ) 1:09-cv-00231-OWW-SMS |
| Plaintiffs, | ) ORDER DENYING PLAINTIFF'S MOTION ) FOR DEFAULT JUDGMENT (DOC. 17) |
| v. | ) ORDER STRIKING PLAINTIFF'S ) PURPORTED AMENDED COMPLAINT (DOC. |
| STEADFAST PROPERTY & DEVELOPMENT, INC., et al., | ) 19) |
| Defendants. | ) ORDER DENYING PLAINTIFF'S MOTION ) TO CONTINUE SCHEDULING CONFERENCE ) (DOC. 18) |
| | ORDER VACATING SCHEDULING CONFERENCE OF JULY 8, 2009 |
| | ORDER RESETTING SCHEDULING CONFERENCE **Date: September 15, 2009 Time: 9:15. a.m. Courtroom: No. 3 (7th Floor) Judge Oliver W. Wanger** |

Plaintiff Carlotta Ogundimo and her minor children are proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

On March 12, 2009, the Court directed Plaintiff to complete

and return service documents according to the directions found on USM civil instructions, which were sent by the Clerk to Plaintiff with summons forms and the complaint on the same date. Plaintiff was instructed to complete the service documents and return them as instructed to the Court so that the Clerk could forward them to the Marshal, who in turn would serve the complaint and related documents on Defendants for Plaintiff.

Plaintiff sent the Court what appeared to be a proof of service, an indication that Plaintiff herself attempted to undertake service by mail of the documents on the Defendants by herself. A delay in the service process ensued. The Court issued an additional order of directions to Plaintiff concerning service documents that was subject to a delay in processing; by the time the order was filed and served on Plaintiff, Plaintiff had submitted what the Court now understands to have been adequate service documents.[1] Document 11, a filed notice of submission, appears to reflect receipt of the required service documents.

In a handwritten letter to the Court from Plaintiff that was filed in the docket on April 9, 2009, Plaintiff stated that she sent proof of service before she received the service package, and then she later completed the mail package and submitted the documents. (Doc. 14.)

The documents docketed as proofs or certificates of service

---

[1] Part of the confusion was engendered by another delay, namely, a delay in the processing of Plaintiff's incoming documents; the docket reflects that the appropriate service documents returned by Plaintiff were filed as of March 19, 2009, but the docket entry was not made until March 25, 2009, whereas the docket entry of the purported proof of service by Plaintiff herself, filed the same day, was dated five days earlier. Where the docket does not reflect the current state of receipt of documents, court staff outside of the docketing unit are necessarily uninformed of the true state of affairs unless an internal note of some sort is made, which was lacking in this instance. Therefore, resources of the Court as well as Plaintiff's own resources were unnecessarily expended.

2

filed by Plaintiff reflect service by mailing on February 5, 2009, of the complaint on Defendant Steadfast Properties and Development, Inc., (Doc. 10); proof of service by mailing on April 8, 2009, of a scheduling conference order and a standing order, with return receipt dated April 8, 2009 (Doc. 15); and a form for service that is not completed (Doc. 16).

II. <u>Motion for Default Judgment</u>

On April 9, 2009, Plaintiff filed a motion for default judgment that was not scheduled for a hearing.

The clerk shall enter a party's default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the pertinent Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Unless a different time is prescribed by statute of the United States, a defendant shall serve an answer within twenty days after being served with the summons and complaint. Fed. R. Civ. P. 12(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that 1) the defendant has been served with the summons or has agreed to waive service, 2) the time allowed by law for responding has expired, and 3) the defendant has failed to file a pleading or motion permitted by law. <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 512 (9th Cir. 1986).

Here, Plaintiff's proofs of service by mail upon the private party defendant do not demonstrate service of process pursuant to Fed. R. Civ. P. 4. No default of any defendant has been entered or could be entered because it has not been demonstrated that legally sufficient service has been effected on any defendant.

3

1  Accordingly, Plaintiff's motion for default judgment IS
2  DENIED as premature.
3  Further, Plaintiff IS REMINDED that because Plaintiff is
4  proceeding in forma pauperis, service of the action will be
5  effected by the Marshal, not by Plaintiff.

III. Purported Amended Complaint

On April 9, 2009, Plaintiff filed a document headed as "Amended & Corrected Copy," and docketed as "NOTICE Amended and Corrected Copy by Carlotta Ogundimo," which was a copy of an earlier order of the Court with the names of additional Defendants (i.e., names of parties not contained in the original complaint filed on February 5, 2009) added to the caption portion of the order. The Court construes this filing as a purported amended complaint.

Although Plaintiff may file one amended complaint as a matter of right before being served with responsive pleading, Plaintiff's purported amendment fails to comply with local rule 15-220, which requires that an amendment to a complaint must be accomplished by filing an entirely new complaint that is complete in itself. Local Rule 15-220.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Fed. R. Civ. P. 12(f); Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 191 (N.D. Ill. 1992).

Accordingly, Plaintiff's purported amendment of the complaint IS ORDERED STRICKEN.

IV. Motion to Continue the Scheduling Conference

On April 9, 2009, Plaintiff filed a pleading docketed as a

motion "to Court to up the date set for mandatory scheduling conference" (Doc. 18), which the Court deems to be a motion to vacate the previously set scheduling conference and to continue the scheduling conference to a later date based on Plaintiff's physical condition.

Plaintiff's motion IS DENIED AS MOOT.

In view of the delay in service and apparent intention of Plaintiff to attempt to add new parties to the action, the Court on its own motion VACATES the presently set scheduling conference on July 8, 2009, and RESETS the mandatory scheduling conference for September 15, 2009, at 9:15 a.m., in Courtroom 3, before Judge Oliver W. Wanger.

IT IS SO ORDERED.

**Dated:  April 10, 2009**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE