1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOTTA OGUNDIMO,                    ) 1:09-cv-00231-OWW-SMS
                                      )
                Plaintiff,            ) ORDER DEEMING PLAINTIFF'S
                                      ) PLEADING TO BE A MOTION FOR
                                      ) RECONSIDERATION OF THE STRIKING
        v.                            ) OF PLAINTIFF'S PURPORTED AMENDED
                                      ) COMPLAINT (DOCS. 22, 20)
STEADFAST PROPERTY &                  )
DEVELOPMENT,                          ) ORDER DENYING PLAINTIFF'S MOTION
                                      ) FOR RECONSIDERATION (Doc. 22)
                Defendants.           )
                                      )
_____       )

        Plaintiff is proceeding pro se and in forma pauperis with an

action for damages and other relief concerning alleged civil

rights violations. The matter has been referred to the Magistrate

Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and

72-304.

        Pending before the Court is Plaintiff's pleading, filed on

April 24, 2009 (Doc. 22), in reference to the order of the

undersigned Magistrate Judge, filed on April 13, 2009, striking

Plaintiff's purported amended complaint (Doc. 20). In this

pleading, Plaintiff asserts that the Court cannot correct her own

corrections of her complaint.

1

The Court CONSTRUES Plaintiff's pleading as a request for reconsideration of the portion of the Court's order that directed the striking of the purported amended complaint.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud... of an adverse party,... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a

2

motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion...."

Here, Plaintiff has failed to make the showing required on Plaintiff's motion. Plaintiff attempted to amend the complaint by filing a copy of the Court's screening order that reflected the insertion of some handwritten sentences; Plaintiff did not file a completely new complaint, which is required by the pertinent rules. An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and generally must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Accordingly, Plaintiff has not shown any grounds for granting a motion for reconsideration.

Therefore, Plaintiff's motion for reconsideration of the Court's order striking Plaintiff's purported amended complaint IS DENIED.

IT IS SO ORDERED.

**Dated:    May 8, 2009**                          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE