UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, | ) 1:09-cv-00231-OWW-SMS |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION ) FOR COUNSEL (DOC. 21) |
| v. | ) |
| STEADFAST PROPERTY & DEVELOPMENT, | ) |
| Defendants. | ) |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations concerning housing. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's request for an Attorney General to prosecute her case, which the Court CONSTRUES as a motion for appointment of counsel, filed on April 24, 2009.

Plaintiff states that she understands that the Attorney General can or will litigate the suit for her, but she does not know "how to do that." (Doc. 21 p. 1.)

1

1  The Court is unable to give legal advice to litigants.

2  The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court in such circumstances is discretionary, not mandatory. <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. <u>Terrell</u>, 935 F.2d at 1017. Further, despite Plaintiff's assertions to the contrary, Plaintiff's claim is not particularly complex.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her

case is not exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel IS DENIED.

IT IS SO ORDERED.

**Dated:   May 8, 2009**                               /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE