UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, | ) 1:09-cv-00231-OWW-SMS |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION<br>) TO SUBMIT EVIDENCE (Doc. 32) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION<br>) FOR SUBPOENAS AND EVIDENCE, FOR A |
| STEADFAST PROPERTY &<br>DEVELOPMENT, | ) POSTPONEMENT, AND FOR SERVICE<br>) DOCUMENTS (DOC. 33) |
| Defendants. | ) ORDER STRIKING PLAINTIFF'S REPLY<br>) (DOC. 32, pages 2-8) |
| | ORDER STRIKING PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT (DOC. 35) |
| | INFORMATIONAL ORDER TO PLAINTIFF<br>AND TO THE PARTIES |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations concerning housing. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

1

The matter has not been scheduled yet, and the initial scheduling conference is set for September 18, 2009, before District Judge Oliver W. Wanger.

I. Request to Submit Evidence

By motion filed on July 2, 2009 (Doc. 32), Plaintiff moved for leave to submit evidence to prove the allegations of the complaint.

Plaintiff's request was not scheduled for a hearing or otherwise appropriately noticed in accordance with Local Rule 78-230(b). Further, the submission of evidence concerning the merits is premature and is inappropriate unless a motion or other proceeding on the merits is pending before the Court.

Plaintiff's motion for leave to submit evidence IS DENIED.

II. Striking the Reply

The Court notes that the docket reflects that attached to Plaintiff's motion or request is a reply. The Court has not directed that a reply to the answer be filed. See, Fed. R. Civ. P. 7. A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Fed. R. Civ. P. 12(f); Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 191 (N.D. Ill. 1992).

Accordingly, Plaintiff's purported reply, filed on July 2, 2009, as an attachment to her motion or request to submit evidence (Doc. 32, pp. 2-8) IS ORDERED STRICKEN FROM THE RECORD.

III. Motion for Subpoenas and Request for Postponement

On July 2, 2009, Plaintiff filed a motion or request for subpoenas for witnesses and evidence (Doc. 33). Plaintiff's motion was not appropriately noticed or set for a hearing as

required by the local rules. Further, because Plaintiff's case has not yet been scheduled, Plaintiff's requests for discovery are premature. Likewise, because discovery has not formally begun and certainly has not been completed, the Court does not anticipate that any motions for summary judgment will be brought immediately by Defendant. In any case, there is no demonstrated need for a continuance of any summary judgment motion at this early point in the proceedings.

Accordingly, Plaintiff's motions for evidence or discovery ARE DENIED.

Further, Plaintiff IS REMINDED that in addition to attending the scheduling conference, Plaintiff will be required to cooperate with Defendant's counsel and to submit a timely settlement conference statement in compliance with all rules and orders of the Court, and specifically, the Court's scheduling order.

IV. Request for Service Documents

In the motion for subpoenas (Doc. 33, pp. 8-9), Plaintiff requests a copy of the Marshal's acknowledgment of service for Defendant, apparently in connection with an effort to seek default judgment against Defendant Steadfast, whose answer was filed on June 19, 2009.

Again, Plaintiff's request for discovery is premature and need not be addressed by the Court until after the case is scheduled and the parties have completed the requisite process of cooperating with disclosures and discovery. Thus, Plaintiff's request for a copy of the Marshal's acknowledgment of service IS DENIED.

3

Further, Plaintiff IS INFORMED that there is a strong policy of determining cases on their merits, and thus, the Court will not needlessly spend its severely limited resources, or encourage such use of the parties' resources, on matters so tangential to, and inconsistent with, an orderly process of progressing through discovery to the resolution of the case on the merits.

V. <u>Motion for Default Judgment</u>

On July 7, 2009, Plaintiff filed a motion for default judgment against Defendant Steadfast Properties and Development. The motion was not set for a hearing. Defendant Steadfast Park West, L.P. (Steadfast), erroneously sued as Steadfast Property & Development, filed unsolicited opposition to the motion on July 13, 2009.

The motion was not set for a hearing. The Court thus STRIKES the motion as not in compliance with the local rules.

The Court INFORMS Plaintiff that in view of the contents of the waiver of service completed by Defendant's counsel (Doc. 29), which reflects a direction to respond to the complaint within sixty days after April 20, 2009, and further considering the answer filed by Defendant Steadfast on June 19, 2009, it would appear that a motion for default judgment, even if properly noticed, would be without grounds because Plaintiff's purported service by certified mail does not appear to satisfy the requirements of Fed. R. Civ. P. 4 (Doc. 10).

Further, the Court declines Defendant's informal request, stated in its opposition to the motion for default judgment (Doc. 36, pp. 2-3) that the Magistrate Judge declare the identity of the Defendants or discern the parties to the case. The screening

4

1  function, performed by the Magistrate Judge in connection with
2  the complaint of a plaintiff who proceeds in forma pauperis, is a
3  minimal screening to discern that the action does not wholly fail
4  to state a claim. Matters concerning the number and service
5  status of the parties and the identity of the ultimately proper
6  defendants in a case are appropriately addressed at the
7  scheduling conference. <u>See</u>, Local Rule 16-240, and the Court's
8  scheduling order, which was filed on March 20, 2009.

IT IS SO ORDERED.

**Dated:   July 17, 2009**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE