**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOTTA OGUNDIMO,<br><br>                    Plaintiff,<br><br>           v.<br><br>Steadfast Property & Development, *et al*,<br><br>                    Defendant. | 1:09-CV-00231-OWW-SKO<br><br>MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 92) |

## I.   INTRODUCTION

On February 26, 2010, Plaintiff Carlotta Ogundimo moved for default judgment against Defendant Steadfast Park West, L.P.[1] According to Plaintiff, default judgment is appropriate because Steadfast failed to submit certain documentation to Plaintiff by February 17, 2010:

> During February 1, 2010 Preliminary Injunction Hearing, Judge Wanger ordered the Defendants to SUBMIT ALL DOCUMENTS due to the Plaintiffs by February 17, 2010 [...]
>
> Defendants argued that Plaintiff did not send them papers but Plaintiff was not ordered by the court to give Defendants any papers.  If the papers are Work Orders the Defendants council [sic] could have gotten them from his client himself.

---

[1] Defendant Stadfast Park West, L.P., was erroneously sued as "Steadfast Property & Development."

1

> **Therefore, it leaves no excuse for the Defendant not to have followed Judges Order of the Court. Plaintiffs move the court for a default judgment against Defendants Steadfast.**

(Doc. 92, pg. 1) (emphasis in original).

Plaintiff's document is properly considered as a motion for default judgment brought pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Plaintiff Carlotta Ogundimo is proceeding *pro se* and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. According to the complaint, filed February 5, 2009, Plaintiff and her minor children, who reside at 2655 West Alamos, Unit 118, Fresno, California, suffered housing discrimination in violation of the Fair Housing Act ("FHA").

On February 26, 2010, Plaintiff filed a document entitled "Plaintiff's Motion To Move For Default Judgment Against Defendants." (Doc. 92.) Plaintiff seeks default judgment on grounds that Steadfast disobeyed a Court order requiring it to submit work orders and other documentation to Plaintiff by February 17, 2010.

To obtain a default judgment under Rule 55 of Federal Rules of Civil Procedure, a party must follow a sequential two-step process: (1) obtain entry of default from the Clerk of the Court pursuant to Rule 55(a); and (2) move the Court for a default judgment in accordance with Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing this two-step process). Rule 55(a) states that "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend [...] the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Default judgment is generally disfavored, and a court should, whenever possible, decide a case on the merits. *Cmty. Dental Serv. v. Tani,* 282 F.3d 1164, 1170 (9th Cir. 2002).

Plaintiff filed her motion for entry of default after Defendant filed its Answer, which was filed on June 19, 2009. (Doc. 31.)  Defendant did not fail to plead, and therefore, Plaintiff's subsequent motion default judgment is improper. Moreover, Plaintiff did not comply with the procedural requirements laid out in Rule 55.  Plaintiff failed to seek entry of default from the Clerk of Court prior to moving for a default judgment. Rather, Plaintiff asks the Court to enter default judgment against Defendant Steadfast.  However, this is not the process detailed in Rule 55.  A default or default judgment under these circumstances is inappropriate and outside the scope of the federal rules of civil procedure.  For these reasons, Plaintiff's motion is DENIED.

### III. CONCLUSION

For the reasons stated:

(1) Plaintiff Carlotta Ogundimo's motion for default judgment against Defendant Steadfast Park West, L.P., is DENIED.

IT IS SO ORDERED.

**Dated:   April 23, 2010**              /s/ Oliver W. Wanger
                             UNITED STATES DISTRICT JUDGE