# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CARLOTTA OGUNDIMO, | CASE NO. 1:09-cv-00231-OWW-SKO |
| Plaintiff, | **ORDER DENYING MOTION FOR COSTS OF SERVICE** |
| v. | |
| STEADFAST PROPERTY & DEVELOPMENT, | (Docket No. 54) |
| Defendant. | |
| _____/ | |

## **INTRODUCTION**

Plaintiff Carlotta Ogundimo ("Plaintiff") filed this suit alleging violations of the Fair Housing Act of 1988. According to the complaint, in February 6, 2007, an overflowing toilet flooded the entire premises in which Plaintiff and her family resided. "Steadfast Property & Development"[1] ("Steadfast") was listed as the sole defendant in the caption of the complaint, but other defendants, including Gracie Preciado and Pacific West Management, were named in the body of the complaint. Defendants Steadfast (the owners of the apartment complex in which Plaintiff resides), Pacific West Management (management agent of apartment complex in which Plaintiff resides), and Gracie Preciado (resident property manager) allegedly negligently and untimely responded and chose to

---

[1] Various documents filed in this case vacillate between listing Defendant Steadfast Park West, L.P. as "Steadfast Property & Development," "Steadfast Properties and Development, Inc.," and "Steadfast Properties & Development, Inc." For ease of reference, it will be referred to as "Steadfast."

ignore the directions of "professional clean-up," resulting in a serious and advanced state of mold which led to unhealthy living conditions and exacerbated the health of those living in Plaintiff's residence, including Plaintiff.

Presently pending before the Court is the U.S. Marshal's Motion for Costs of Service.

## **PROCEDURAL BACKGROUND**

On February 5, 2009, Plaintiff initiated this suit by filing a complaint. On March 12, 2009, the Court screened Plaintiff's complaint. (Doc. 8.) The Court determined that Plaintiff had stated a claim and that service on defendants Steadfast, Pacific West Management, and Gracie Preciado was appropriate. (*Id*.) The Court ordered Plaintiff to complete the service documents, including the USM-285 Forms, and to return them to the U.S. Marshal for service of the summons and complaint.

From what can be gleaned from the docket entries, the U.S. Marshal mailed a copy of the complaint, summons, and a request for waiver of service to Defendants Steadfast, Pacific West Management, and Gracie Preciado on May 20, 2009. (*See* Docs. 29, 54.) On May 29, 2009, Defendants Steadfast and Pacific West Management each filed a Waiver of Service of Summons agreeing that, to save the cost of service of a summons and an additional copy of the complaint, they did not need to be served with judicial process in the manner provided by Rule 4. (Doc. 29.) On June 19, 2009, "Steadfast Park West, L.P.," answered the complaint, noting that it had been erroneously sued as "Steadfast Property & Development." (Doc. 31.)

On October 19, 2010, the U.S. Marshal filed the instant Motion for Costs of Service. Attached to the U.S. Marshal's motion is a copy of an executed summons as to Defendant Gracie Preciado ("Preciado"). The service information on the USM-285 Form lists "Steadfast Properties & Development, Inc." as the entity to be served, but it is crossed out with a line striking it. The name "Gracie Preciado" appears next to the crossed out name of "Steadfast Properties & Development, Inc." All other service information remains the same, including the address for service of process, which is 4343 Von Karman Ave., Suite 300, Newport Beach, CA 92660. (Doc. 54.) There is a section in the USM-285 Form for "Special Instructions or Other Information That Will Assist in Expediting Service," where Plaintiff provided an alternative address to serve Preciado:

2

Park West Nova Park Apartments
2407 W. Alamos, Management Office
Fresno, California, 93705

Apparently, on October 6, 2009, the U.S. Marshal undertook personal service of the summons and complaint upon Preciado at the Newport Beach address. (Doc. 54.) According to the executed summons, Deborah Park, Executive Assistant (apparently of Steadfast Park West, L.P.[2]) accepted personal service. The U.S. Marshal's Motion for Costs of Service appears to be directed at Preciado, a defendant who has not yet appeared in this action.

According to the executed summons, a copy of the complaint, the summons, and ostensibly a waiver of personal service were mailed to Preciado on April 20, 2009, to 4343 Von Karman Ave., Suite 300, Newport Beach, California. No response to the request for waiver was filed with the Court. An attempt at personal service was then made on October 6, 2009. According to the executed summons filed by the U.S. Marshal (Doc. 54), the individual served was Deborah Park, not Preciado. It does not appear that any attempt was made to serve Preciado at the alternative address provided.

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. The plaintiff shall "give the defendant a reasonable time of at least 30 days after the [waiver] request was sent – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). If the defendant does not agree to waive personal service, the court must impose reasonable expenses associated with the personal service. Fed. R. Civ. P. 4(d)(2)(A)-(B).

If the requested waiver is refused, personal service of the summons and complaint must be effected. Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States

---

[2] Corporation records filed with the California Secretary of State indicate that the address 4343 Von Karman Ave., Suite 300, Newport Beach, California is associated with the entity Steadfast Park West, L.P.

by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2)    doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally;

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)    delivering a copy of each to an agent authorized by appointment or by law to received service of process.

Fed. R. Civ. P. 4(e)(1)-(2).

California Code of Civil Procedure, the applicable state law, provides that "a person not otherwise specified" in Article 4[3] may be served "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90 (West 2010). Section 415.20 of the California Code of Civil Procedure provides an alternative means of service where personal service cannot be made after reasonable diligence. Section 415.20 provides as follows:

> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60,[4] 416.70,[5] 416.80,[6] or 416.90,[7] a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

---

[3] Article 4 is found under Part 2, Title 5, Chapter 4 of the California Code of Civil Procedure, and relates to persons upon whom a summons may be served.

[4] Cal. Civ. Proc. Code § 416.60 relates to service on a minor.

[5] Cal. Civ. Proc. Code § 416.70 relates to service on wards and conservatees.

[6] Cal. Civ. Proc. Code § 416.80 relates to service on political candidates.

[7] Cal. Civ. Proc. Code § 416.90 relates to service on persons not otherwise specified, which applies to this case because Defendant Preciado is not a minor, a ward or conservatee, a political candidate, a public entity, a corporation, or an association.

Cal. Civ. Pro. Code § 415.20(b).

**B.     Analysis**

Service of process was deficient with regard to Defendant Preciado, and, therefore, the U.S. Marshal's Motion for Costs of Service shall be DENIED WITHOUT PREJUDICE.

First, under the Federal Rules of Civil Procedure, service may be accomplished by any means provided for under state law for serving a summons in the state where the district is located. As set forth above, under California law, service of process as to an individual should be performed by personally serving the individual with a copy of the summons and complaint or serving a person authorized by the individual to receive service of process. Cal. Civ. Proc. Code § 416.90.

Here, the executed summons reflects that Preciado was not personally served. (Doc. 54.) Instead, service was accepted by Deborah Park, "Executive Assistant."

While California law allows service to be effected by alternative means, those means should only be employed where the summons and complaint cannot be personally served after reasonable diligence. Cal. Civ. Proc. Code § 415.20(b). In this case, there was an alternative address listed for Preciado. There is no indication that service was attempted on Preciado at that alternative address. Therefore, the Court cannot conclude that Preciado could not "with reasonable diligence" be personally served such that an alternative method of service was appropriate.

Further, even if the Court found that Preciado could not, with reasonable diligence, be personally served, the attempt to serve Preciado at her "usual place of business" was deficient. It is not at all clear that Preciado's "usual place of business" is in Newport Beach as she is apparently the resident manager of an apartment complex located in Fresno, California. Moreover, even assuming Preciado's place of business was located at the address where service was attempted in Newport Beach, no proof of mailing of the summons and complaint via first class mail has been made as is required after leaving service documents at an individual's "usual place of business." Cal. Civ. Pro. Code § 415.20(b).

Second, beyond those means of service provided under California law, the Federal Rules of Civil Procedure allow service to be effected by (1) delivering a copy of the summons and of the complaint to the individual personally, (2) leaving a copy at the individual's dwelling or usual place

5

of abode with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). As explained above, Preciado was not personally served. Service apparently took place at 4343 Von Karman Ave, Suite 300, Newport Beach, California, which appears to be the business office of Steadfast Park West, L.P., not Preciado's individual dwelling or usual place of abode. Finally, there is no indication that Deborah Park, "Executive Assistant," was authorized to accept service on behalf of Preciado.

In sum, service of process on Preciado is deficient under both the Federal Rules of Civil Procedure and the California Code of Civil Procedure. Costs of service will not be awarded at this time.

Moreover, Preciado has never appeared in this action. Costs of service cannot be assessed against a defendant who has yet to be properly served and who has not made an appearance in the action.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Motion for Costs of Service is DENIED WITHOUT PREJUDICE. The U.S. Marshal may renew this motion after attempting personal service as provided below.

2. Within twenty (20) days from the date of this order, the U.S. Marshal shall attempt to personally serve Gracie Preciado at the alternative address listed in the USM-285 Form (Doc. 54) and noted below:

> Park West Nova Park Apartments
> 2407 W. Alamos, Management Office
> Fresno, California, 93705

3. The Clerk of Court is directed to:

   a. Complete a USM-285 Form to serve Gracie Preciado at the alternative address provided above (*see also* Doc. 54); and

///
///
///
///

6

        b.      Provide the U.S. Marshal with a copy of the complaint, the completed USM-285 Form, and a copy of this Order.

IT IS SO ORDERED.

**Dated:   September 27, 2010**                               /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE